IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN JOHNSON, Individually and on Behalf of Others Similarly Situated<br>　　Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-0002 |
| JD EARL WATERWORKS, LLC and BRAD M. EARL,<br>　　Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants JD Earl Waterworks, LLC ("Waterworks") and Brad M. Earl ("Earl") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Melvin Johnson ("Johnson" or "Plaintiff") is one of the workers hired by Defendants as an hourly employee and not paid overtime pay, and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1.  Johnson worked for Defendants as a plumber from mid-2017 until November 26, 2019. Johnson's duties included, but were not limited to, performing plumbing-related work on new construction projects.

2.  During the time he worked for the Defendants, Plaintiff regularly worked in

excess of 40 hours per week.

3. Defendants paid Johnson on an hourly basis. Defendants did not pay Johnson an overtime premium for any of the hours he worked in excess of 40 in a workweek. Instead, Johnson was paid the same hourly rate for all the hours he worked ("straight time").

4. Johnson worked with numerous other individuals who were paid on an hourly basis. These individuals were plumbers and plumber's helpers who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

## Allegations Regarding FLSA Coverage

5. Defendant Waterworks is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

10. Defendant Earl is the sole manager of Waterworks, and is directly involved in the day-to-day operations of the company. Earl is the person who made all decisions regarding how Johnson and his co-workers are and were compensated. Earl acted as an employer, as that term is defined in the FLSA, of Johnson and his co-workers.

11. Defendant Waterworks forfeited its right to do business in the state of Texas. Under Texas franchise tax law, Earl, as the manager of Waterworks, is individually liable to Plaintiff and his co-workers for all unpaid overtime incurred after the Texas Comptroller suspended Waterworks' right to conduct business.

## Plaintiff's Claims

12. Defendants were legally required to pay Johnson and his similarly situated hourly co-workers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

13. Johnson worked over 40 hours in many workweeks that he worked for Defendants.

14. Members of the Class worked over 40 hours in many workweeks that they worked for Defendants.

15. Defendants did not pay Johnson time-and-a-half for any of the overtime hours that he worked for the Defendants. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to

other healthcare businesses that pay their employees all of the money required by law.

16. When Johnson complained about not being paid overtime and told Defendants that he would not work more than 40 hours per week unless he was paid overtime, Defendants fired him. Defendants' actions in firing Johnson were taken in retaliation for Johnson trying to assert his rights under the FLSA, and are thus actionable under the anti-retaliation provisions of the FLSA.

17. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Johnson and Members of the Class. Such practice was, and continues to be with regard to the Members of the Class, a clear violation of the FLSA.

## Causes of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

18. Defendants violated the FLSA by failing to pay Johnson overtime pay for hours worked over 40 per workweek.

19. Johnson has suffered damages as a direct result of Defendants' illegal actions.

20. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Violation of the FLSA's Anti-Retaliation Provisions

21. Defendants violated the FLSA by firing Johnson in retaliation for Johnson's attempts to assert his rights to be paid overtime as is required under the FLSA.

22. Johnson suffered damages, and continued to suffer damages, as a direct result of Defendants' illegal actions.

23. Defendants are liable to Plaintiff for lost wages, consequential damages, punitive damages, liquidated damages, attorney's fees and costs of Court under the FLSA.

## Collective Action Allegations

24. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying hourly workers on a straight-time basis. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

25. The class of similarly situated Plaintiffs is properly defined as:

> **All hourly workers who are/were employed by Defendants JD Earl Waterworks, LLC and Brad M. Earl during the three-year period preceding the filing of this Complaint.**

## Defendants, Jurisdiction, and Venue

26. Defendant JD Earl Waterworks, LLC is a Texas limited liability company and an "employer" as defined by the FLSA. Defendant may be served through its manager, Brad M. Earl at 14850 Woodham Drive, Suite B-110, Houston, Texas, 77073, or wherever he may be found.

27. Defendant Brad M. Earl is an individual who may be served with process at 14850 Woodham Drive, Suite B-110, Houston, Texas, 77073, or wherever he may be found.

28. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

**Demand for Jury**

29.     Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing plumbing-related work who are/were employed by and paid on an hourly basis by Defendant JD Earl Waterworks, LLC and/or Defendant Brad M. Earl during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. Damages to Plaintiff for Defendants retaliatory actions, as well as liquidated damages thereon;
7. All costs and attorney's fees incurred prosecuting these claims;
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF MELVIN JOHNSON**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**
**MELVIN JOHNSON**